UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROD PERRY, | CASE NO. 16-0191JLR |
| Plaintiff, | ORDER DENYING CERTIFICATION FOR INTERLOCUTORY APPEAL AND DENYING STAY |
| v. | |
| COLUMBIA RECOVERY GROUP, LLC, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Plaintiff Rod Perry's motion to certify for interlocutory appeal and stay this court's order granting Defendant Columbia Recovery Group LLC's ("Columbia") motion to dismiss.  (Mot. (Dkt. # 29); *see also* Order (Dkt. # 28).)  The court has reviewed the motion, Columbia's response (Resp. (Dkt. # 30)), the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Perry's motion for an interlocutory appeal and to stay the litigation.  The court also

1  GRANTS Mr. Perry seven (7) days from the filing of this order to file an amended

2  complaint that adequately alleges Article III standing.

3  ## II.    BACKGROUND

4  The parties are familiar with the facts and prior proceedings, which are set forth in

5  the court's prior order.  (*See* Order at 2-4.)  In its October 19, 2016, order, the court

6  granted Columbia's motion to dismiss after concluding that Mr. Perry had insufficiently

7  alleged an injury-in-fact necessary to establish standing under *Spokeo, Inc. v. Robins*,

8  --- U.S. ---, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016).  (Order at 12-20.)  The

9  court granted Mr. Perry leave to amend his complaint within 14 days of the order to

10  adequately allege Article III standing.  (*Id.* at 20-21.)

11  On November 2, 2016, Mr. Perry filed the instant motion asking the court to

12  certify its October 19, 2016, order for interlocutory appeal and to stay the litigation.

13  (Mot.)  Mr. Perry "believes the complaint can be amended to plead the additional

14  elements that the [c]ourt outlined in its order, i.e. that the debt was inaccurate and that

15  Plaintiff did dispute it," but he chooses not to do so because "pleading these additional

16  facts will change the focus of the litigation and how the parties allocate their resources on

17  the issues."  (*Id.* at 6.)  Instead, he seeks to immediately appeal the court's order.  (*Id.* at

18  1.)  Columbia opposes Mr. Perry's motion.  (*See* Resp.)  The court now considers the

19  motion.

20  //

21  //

22  //

# III.   ANALYSIS

## A. Legal Standard

"As a general rule, an appellate court should not review a district court ruling until after the entry of final judgment." *Herrera v. Cty. of L.A.*, No. CV 09-7359 PSG (CWx), 2013 WL 12120073, at *5 (C.D. Cal. June 17, 2013) (citing 28 U.S.C. § 1291). Nevertheless, a party may move to certify an order for interlocutory appeal and stay the case pursuant to 28 U.S.C. § 1292(b). Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. §1292(b).

Interlocutory appeals are generally disfavored, but the court has discretion to grant leave to appeal where the appeal (1) involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Allen-Vrablik*, No. C12-0185JLR, 2012 WL 681654, at *2 (W.D. Wash. Feb. 27, 2012). To grant an interlocutory appeal, the court must find that all three elements are met. *Id.*; *Herrera*,

2013 WL 12120073, at *5 (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)).  The proponent must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Herrera*, 2013 WL 12120073, at *5 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  "The moving party bears the burden of establishing § 1292(b)'s narrowly construed elements." *Id.*

### B.  An Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

The court begins its analysis with the last of the three required elements—whether an interlocutory appeal will materially advance the ultimate termination of the litigation. *In re Allen-Vrablik*, 2012 WL 681654, at *2.  "An interlocutory appeal must be likely to materially speed the termination of the litigation." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008) (holding that a motion for interlocutory appeal satisfied the material advancement factor where a reversal on appeal would obviate the need for extensive expert testimony, alleviate the need for additional experts, eliminate trial time, and conserve judicial resources).  In analyzing the material advancement factor, the "[c]ourt should consider the effect of a reversal by the court of appeals on the management of the case." *Id.* (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).  An interlocutory appeal need not have a final, dispositive effect on the litigation; it is enough that it "may materially advance" the litigation. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that the potential that a reversal could remove a defendant and several claims from the

ORDER - 4

1   case satisfied the material advancement element).  "The use of § 1292(b) is reserved for

2   those cases where an intermediate appeal may avoid protracted litigation."  *Koehler v.*

3   *Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Milbert v. Bison Labs.*, 260

4   F.2d 431, 433-35 (3d Cir. 1958)).

5          Mr. Perry argues that the litigation will be conducted in substantially different

6   ways depending on the outcome of the issue presented for appeal.  (Mot. at 5.)

7   Specifically, Mr. Perry asserts that "the class definition would be materially affected from

8   the definition proposed in the original complaint of all persons to whom Defendants sent

9   the letter at issue, to include additional delineations, such as only those consumers whose

10  debts were disputed, or those who attempted to dispute or verify the debt."  (*Id.* at 5.)

11  Mr. Perry further argues that under this court's analysis, additional allegations are

12  necessary to demonstrate standing, so he will be required to conduct "more or different

13  discovery" than he would if the court of appeals reverses this court's decision.  (*Id.*)

14         Columbia responds that "there would be no saving of [c]ourt time by allowing the

15  interlocutory appeal."  (Resp. at 3.)  Columbia elaborates that "if the interlocutory appeal

16  is allowed, and the Ninth Circuit affirms this [c]ourt's decision, the case would still

17  continue if Plaintiff can plead the additional elements outlined in the [c]ourt's order."

18  (*Id.*)  If Mr. Perry cannot or chooses not to plead the additional elements, then "his choice

19  should result in a dismissal with prejudice of the case—a final appealable order."  (*Id.*)

20  On the other hand, Columbia contends that if "the [Ninth] Circuit reverses this Court's

21  decision, the case would still continue."  (*Id.*)

22

1    Mr. Perry fails to show that certifying the court's October 19, 2016, determination

2  on the issue of standing would materially advance the resolution of this case. *See* 28

3  U.S.C. § 1292(b). The litigation is currently more advanced than it would be if the Ninth

4  Circuit were to reverse this court's October 19, 2016, order. Further, Mr. Perry's

5  assertion that the court's order will have an impact on the discovery conducted by the

6  parties is insufficient to meet the element of material advancement. At present, Mr. Perry

7  can amend his complaint to sufficiently allege Article III standing, allowing his case to

8  proceed, or he can choose not to amend, resulting in his immediate right to appeal this

9  court's final decision. *See* 28 U.S.C. § 1291. Thus, there is no possibility that an

10  interlocutory appeal will "materially advance the ultimate termination of this litigation."

11  *See id.*[1] Because the court finds that an interlocutory appeal would not materially

12  advance the termination of this litigation, the court need not address the other § 1292(b)

13  factors. *See In re Allen-Vrablik*, 2012 WL 681654, at *2; *Herrera*, 2013 WL 12120073,

14  at *5 (citing *Woodbury*, 263 F.2d at 787).

---

15    [1] The court found only two cases that involved an interlocutory appeal of a district court
16  order based on *Spokeo*. Both are out-of-circuit cases, and neither case is applicable here. In
    *Maddox v. Bank of N.Y. Mellon Trust Co.*, the court certified its order that the plaintiffs had
17  standing under *Spokeo* to pursue claims under the New York Real Property Law ("RPL")
    § 275(1) and Real Property Actions and Proceedings Law ("RPAPL") § 1921(1). The court noted
18  15-CV-01053(RJA)(JJM), 2017 WL 449962, at *1 (W.D.N.Y. Jan. 30, 2017). Similarly, in
    *Bellino v. JPMorgan Chase Bank, N.A.*, the court certified for interlocutory review the question
19  of whether violations of RPL § 275 and RPAPL § 1921 confer Article III standing under *Spokeo*.
    No. 14-cv-3139 (NSR), 2017 WL 129021, at *3-4 (S.D.N.Y. Jan. 13, 2017). The court noted
20  that "[a] reversal on the question of standing would materially advance the termination of
    litigation because reversal could result in dismissal of the entire action in [d]efendant's favor."
21  *Id.* Both of those cases presented situations where the court found standing under *Spokeo*, so a
    reversal would result in dismissal of the case. *Maddox*, 2017 WL 449962, at *1; *Bellino*, 2017
22  WL 129021, at *3-4. Thus, unlike here, reversals in those cases would have materially advanced
    the termination of both cases. *See Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1092.

1

## IV.   CONCLUSION

2          Based on the foregoing analysis, the court DENIES Mr. Perry's motion to certify

3     an interlocutory appeal and to stay this court's previous order (Dkt. # 29).  The court

4     grants Mr. Perry seven (7) days from the filing of this order to file an amended complaint

5     that adequately alleges Article III standing under *Spokeo*.  If Mr. Perry fails to timely file

6     his amended complaint or fails to file an amended complaint that adequately alleges

7     Article III standing, the court will dismiss his complaint with prejudice.

8          Dated this 23rd day of February, 2017.

9

10     _____

11     JAMES L. ROBART
       United States District Judge

12

13

14

15

16

17

18

19

20

21

22

ORDER - 7